OPINION
On March 17, 2000, the Stark County Grand Jury indicted appellant, Richard Bentley, on three counts of aggravated possession of drugs in violation of R.C. 2925.11(A). Said charges arose from two searches of appellant's residence made pursuant to search warrants, one on February 8, 2000 and the second on February 15, 2000. A jury trial commenced on May 1, 2000. The jury found appellant guilty as charged. By judgment entry filed May 8, 2000, the trial court sentenced appellant to an aggregate term of twelve months in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION TO REPRESENT HIMSELF WITHOUT HOLDING A HEARING ON THE MATTER.
 II THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING DETECTIVE BRIAN ALLEN TO TESTIFY ABOUT A .22 CALIBER RIFLE FOUND IN THE APPELLANT'S HOME.
 I
Appellant claims the trial court erred in denying his request to represent himself. We disagree. Appellant argues he was denied his Sixth Amendment right to represent himself at trial: The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so. Faretta v. California (1975), 422 U.S. 806.
State v. Gibson (1976), 45 Ohio St.2d 366, paragraph one of the syllabus.
Although we concur that appellant had such a right, we nonetheless find such right was exercised to thwart the speedy administration of justice sub judice. Appellant did not choose to exercise the right until just prior to opening statement, after the jury had been empaneled and sworn: MR. WAKSER: For the record, my client came in today and advised me that he is unhappy with my representation of him. And he is requesting his right to represent himself at this point. I advised him and I am telling him now that it is unwise to do that. And I am making that request or motion to the Court at this time for the record.
T. at 91.
The trial court summarily denied the request and did not make any further inquiry of appellant as to his reasons. Defense counsel conducted voir dire and peremptorily challenged three jurors. There appears to be no deficiency in defense counsel's representation of appellant. By refusing to excuse defense counsel, the trial court did not deny appellant the right to trial counsel but merely the right to be his own counsel. Because the jury had been sworn, jeopardy had attached. Downum v. United States (1963), 372 U.S. 734. Given that jeopardy had attached, we are inclined to find as have our brethren in other districts, that the standard of review is abuse of discretion. See, State v. Kendrick (November 21, 1991), Cuyahoga App. No. 59381, unreported; Robards v. Rees (1986), 789 F.2d 379. As in the Robards case, the request for self-representation made sub judice on the day of trial would have "impermissibly delayed the commencement of the trial." Robards at 384. In particular, the specter of absent defense counsel who had functioned during voir dire would have prejudicially affected appellant's case. The jury would have been left to speculate as to why appellant was no longer represented by counsel. If a mistrial had been granted, the trial would have been delayed and a double jeopardy argument could have been validly argued. In balancing these issues, we concur with the trial court's decision. Based upon the status of the trial, the lateness of the request and the obvious delay to the trial, we cannot say the trial court abused its discretion in denying appellant's request to represent himself. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in permitting the testimony of Detective Brian Allen as to a .22 caliber rifle found in his residence. We disagree. The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Appellant's residence was searched pursuant to search warrants, once on February 8, 2000 and again on February 15, 2000. Drug paraphernalia, money and a .22 caliber rifle were confiscated. A motion in limine filed April 28, 2000 requested "that any and all physical evidence * * * be excluded from trial. Before trial, the trial court ruled on various items seized but the rifle was not addressed by anyone. At trial, Detective Allen testified that during the execution of a search warrant on February 15, 2000 at 120 Hartford Avenue, NE, a .22 caliber rifle located in appellant's residence at the bottom of the steps leading upstairs was found and seized. T. at 101, 107-109, 112. Defense counsel objected on the issue of relevancy and prejudicial affect. T. at 109, 112, 140-141. The exhibit was not permitted to be introduced into evidence. T. at 142. Appellant was not charged with any weapons violations. Appellant was indicted on three counts of aggravated possession of drugs in violation of R.C. 2925.11(A) and in particular, Count 3 was for the aggravated possession of drugs on February 15, 2000, the day of the rifle's seizure. The residence searched belonged to appellant wherein various drugs and drug paraphernalia had been seized. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." There is no evidence in the record showing a causal or relevant link of the rifle to the drug charges. Without such a link, we are unable to make a leap into relevancy. Therefore, we find it was error to permit the complained of testimony standing alone. However, the trial court, in denying the rifle's admission into evidence cleared up any prejudicial error. Crim R. 52(A) defines harmless error as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." No reference was made to the rifle in closing argument or in the charge to the jury. We therefore conclude it was harmless error not to ban reference to the rifle during Detective Allen's testimony. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J. Wise, J. and Edwards, J. concur.